### HENRY M. BEACH v. MARGARET MULLIN.

1. An entire contract is a contract the consideration of which is entire on both sides. A contract to pay a gross sum for a certain definite consideration is an entire contract, and is not apportionable.

2. A contract to pay $16 for a month's service is as entire in its consideration, as a contract to pay a certain sum for a single chattel or for a specified number of chattels.

3. The reservation of wages, payable monthly or weekly, will not control the contract so as to destroy its entirety, when the parties have expressly agreed for a specified term—as a year; but if the payment of monthly or weekly wages is the only circumstance, from which the duration of the contract is to be inferred, it will be taken to be a hiring for a month or a week.

4. Where a servant, whose wages are due and payable periodically—as quarterly, monthly, or weekly—refuses to serve in the manner contracted for, or is rightfully discharged at any intervening period between the days when his wages are due, he can recover nothing for that portion of time during which he has served since the last periodical payment of wages.

5. This court cannot, on *certiorari*, re-try the case on its merits, or decide on the weight of evidence. If there is legal evidence before the court below, upon which this judgment may be supported, this court will not reverse such judgment.

Beach v. Mullin.

On *certiorari* to Essex Pleas.

Argued before DALRIMPLE, DEPUE, and VAN SYCKEL, Justices.

Plaintiff, *per se.*

For defendant, *Robert D. Salmon.*

DEPUE, J.   Mullin sued Beach in the court for the trial of small causes to recover wages due her for one month's service as a domestic in his family from the 19th of July to the 19th of August, 1869.   The contract of hiring was made on the 19th of July, at $16 a month.   The plaintiff was discharged on the 14th of August.   She recovered a judgment before the justice, and on appeal the recovery was sustained for the amount of $13, being compensation for the time she served at the rate of $16 a month.   To reverse the judgment of the Court of Common Pleas this *certiorari* is prosecuted.

Two questions are discussed in the briefs submitted: first, whether the contract of hiring was an entire contract; and, second, whether if the plaintiff was discharged before the month had expired, for sufficient cause, she could recover for the services she actually rendered.

The entirety of a contract does not depend upon its subject matter.   An entire contract is a contract the consideration of which is entire on both sides.   Whenever there is a contract to pay a gross sum for a certain definite consideration the contract is entire, and not apportionable either in law or in equity. *Story on Contracts,* § 22.   A contract to pay $16 for a month's service is as entire in its consideration as is a contract to pay a certain sum for a single chattel, or for a specified number of chattels.

· The contract of hiring in this case was, that the plaintiff should work for the defendant for $16 a month.   Nothing further was said as to the term of service.   The reservation of wages, payable monthly or weekly, will not control the

contract so as to destroy its entirety, when the parties have expressly agreed for a specified term, as a year. But if the payment of monthly or weekly wages is the only circumstance from which the duration of the contract is to be inferred, it will be taken to be a hiring for a month or a week. *The King* v. *Birdbrooke*, 4 *T. R.* 245 ; *The King* v. *Newton Toney*, 2 *T. R.* 453, per BULLER, J.; *The King* v. *Inhabitants of Mitcham*, 12 *East* 351.

The consequences of the discharge of a servant, for a sufficient cause, before the time for a periodical payment of his wages arrives, is thus stated : " When a servant, where wages are due periodically, refuses to perform his part of the contract, and serve his master in the manner contracted for, or so conducts himself that the master is justified in discharging him without notice, he is not entitled to be paid any wages for that portion of time during which he has served since the last periodical payment of wages; that is to say, if a servant, whose wages are only due yearly, is rightfully discharged before the expiration of the year, he could recover nothing for services rendered previous to such discharge, and the same principle would apply to the case of a quarterly, monthly, or weekly hiring. In any of such cases, if the servant fail to perform his part of the contract, or be rightfully discharged at any intervening period between the days when his wages are due, he can recover nothing for the broken period of service. This is upon the principle that the contract was an entire contract, and the performance of the services for the whole time agreed upon was in the nature of a condition precedent to his right to recover any wages." *Smith on Master and Servant* 113. The propositions of law thus stated are supported by the following cases: *Spain* v. *Arnott*, 2 *Starkie* 256; *Turner* v. *Robinson*, 6 *C. & P.* 15; *Ridgway* v. *Hungerford Market Co.*, 3 *A. & E.* 171; *Lilley* v. *Elwin*, 11 *Q. B.* 742, 755, 757; *Turner* v. *Mason*, 14 *M. & W.* 112; *Libbart* v. *Wood*, 1 *Watts & Serg.* 265; *Singer* v. *McCormick*, 4 *Watts & Serg.* 266. The prin-

ciple is stated in similar language in 2 *Parsons on Cont.* 40; and 2 *Smith's Leading Cases* 43.

But it nowhere appears that the court whose judgment is under review disregarded these legal principles. The cause was tried before the court without a jury. Nothing appears on the transcript sent up with the writ except the fact of trial and rendition of judgment. The court has not been called upon to certify what facts they found, or by what rules of law they decided the cause. The case was heard here on an agreed-upon state of the case, in which appear the allegations on the one side, and the counter allegations on the other. The defendant, to establish the justifiableness of the discharge, adduced evidence of insolence and willful disobedience of his orders by the servant which would fully justify the discharge. By this state of the case the plaintiff denies that she was insolent or disobedient, and she maintained her denial by her own testimony. The testimony was contradictory on this point, and it does not appear what conclusions of fact the court below arrived at. This court, upon *certiorari*, can review only errors of law. It can neither re-try the case on its merits, nor decide upon the weight of evidence. If there is legal evidence before the court below upon which their judgment may be supported, this court will not reverse the judgment, although the evidence would not have led us to the same conclusion. *Scott* v. *Beatty*, 3 *Zab.* 256; *Wood* v. *Fithian*, 4 *Zab.* 34; *Brown* v. *Ramsay*, 5 *Dutcher* 118.

The judgment is affirmed.

DALRIMPLE and VAN SYCKEL, Justices, concurred.